NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2637
_____

UNITED STATES OF AMERICA

v.

JERROD O. DOZIER, a/k/a Michael Rodriguez, a/k/a Jarrod Dozier, a/k/a Rod Dozier
a/k/a Oneil Dozier, a/k/a Jerrod Dozier, a/k/a Jerrod O. O'neil, a/k/a Jermaine Lamar
a/k/a Jerrod Oneal Dozier, a/k/a Michael A. Rodriguez

JERROD O. DOZIER,
Appellant
_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(M.D. of Pa. No. 4-09-cr-00346-003)
District Judge: Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2014

Before: FISHER, VAN ANTWERPEN and TASHIMA,[*] Circuit Judges.

(Filed: July 10, 2014)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge for the Ninth Circuit
Court of Appeals, sitting by designation.

FISHER, Circuit Judge

Appellant Jerrod Dozier ("Dozier") appeals from his conviction and sentence in the United States District Court for the Middle District of Pennsylvania. He argues that his conviction should be vacated because: (1) the evidence presented by the government was insufficient for a rational jury to convict him; (2) the jury instructions were prejudicial; and (3) the District Court procedurally and substantively erred at sentencing. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 1, 2007, Paul Surine and several of his family members and associates were arrested as part of a Pennsylvania State Police investigation into a large crack cocaine distribution operation run out of Surine's trailer in Tioga County, Pennsylvania. In the course of their investigation, the State Police learned the identities of several of Surine's alleged suppliers in the Rochester, New York area. On October 22, 2009, a grand jury in the Middle District of Pennsylvania returned indictments charging Dozier, Jermaine Williams, and Gregory O'Neal with one count of conspiracy to distribute fifty grams or more of crack cocaine and one count of distributing fifty grams or more of crack cocaine. On July 28, 2011, a second indictment was issued naming only

Dozier and Williams – O'Neal having decided to plead guilty – and raising the amounts for each count to 280 grams or more.

Dozier's trial commenced on October 2, 2012. The government called numerous witnesses who testified to the Surines' distribution operation, the methods by which they obtained their cocaine, and Dozier's involvement in the distribution. After the parties rested, the District Court supplied jury instructions with no objections from either party. The jury returned a guilty verdict on both counts. On May 21, 2013, the District Court held a sentencing hearing. After analyzing Dozier's background and criminal history, the District Court adopted the Guideline range of 168 to 210 months' imprisonment calculated in the Presentence Investigation Report. At the conclusion of the sentencing hearing, the District Court sentenced Dozier to 168 months' imprisonment and five years' supervised release on each count, to run concurrently, and imposed a total fine of $1,000 and a $200 special assessment. This timely appeal follows.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

When evaluating a sufficiency-of-the-evidence claim, we review the record in the light most favorable to the prosecution, and determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc). "[W]e review the evidence as a

whole, not in isolation." *Id.* (internal quotation marks omitted) (quoting *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010)). We must accept the jury's verdict "if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." *Id.* (internal quotation marks omitted) (quoting *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)).

When evaluating a challenge to jury instructions that was not preserved below, we review for plain error. *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005). We also review unpreserved challenges to a sentence for plain error. *United States v. Berger*, 689 F.3d 297, 299 (3d Cir. 2012). Under plain error review, this Court must determine: (1) if there is an error; (2) if the error is plain; and (3) if the error affected substantial rights. *Dobson*, 419 F.3d at 236. If all three elements are met, we may exercise our discretion to grant relief if the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id.*

III.

A.

We first consider Dozier's contention that the government presented insufficient evidence to convict him. The existence of a conspiracy can be proven through "reasonable and logical inference" and circumstantial evidence presented by the government. *United States v. Kapp*, 781 F.2d 1008, 1010 (3d Cir. 1986) (internal quotation marks omitted) (quoting *United States v. Ellis*, 595 F.2d 154, 160 (3d Cir.

4

1979)). The government must prove that the activities could not occur unless a "preconceived scheme or common understanding" existed between the parties. *Id.*

Here, Dozier presents a number of arguments supporting his contention that the jury could not find him guilty of conspiracy beyond a reasonable doubt. His principal argument is that the relationship between Dozier and Surine never advanced beyond a "buyer-seller relationship" and, as such, he could not be convicted of conspiracy under *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999), and *United States v. Pressler*, 256 F.3d 144, 151-57 (3d Cir. 2001). Dozier points to several facts existing in *Gibbs* and *Pressler* that he contends distinguish the conspiracy in those cases from Dozier's alleged conspiracy with Surine. Dozier observes the large amount of crack sold, the level and style of communication, the existence of credit, the reliance on one party to process powder cocaine into crack for the other party, and the solicitation of advice that existed in those cases, but not here. While Dozier is correct that his case differs from *Gibbs* and *Pressler*, we conclude that the facts here did establish something more than a mere buyer-seller relationship.

Dozier traveled with other individuals on numerous occasions to sell crack cocaine to the Surine family at their property. At trial, witnesses testified that Dozier, both individually and alongside his co-travelers, sold large amounts of crack cocaine to Surine, and "most of the time" the sales were for amounts exceeding one ounce. App. at 139. Even after Dozier was no longer permitted to enter the Surine trailer due to an argument

with one member of the family, he still traveled to the trailer with Williams and O'Neal on at least twenty occasions. A reasonable jury could determine that this arrangement indicates that Dozier's drugs were being sold by Williams or O'Neal, implying both collaboration and the existence of a rudimentary credit system.

Dozier also points to *United States v. Colon*, 549 F.3d 565 (7th Cir. 2008), where the Seventh Circuit held that evidence of as many as six or seven drug transactions, totaling thirty to thirty-five ounces of cocaine, was insufficient to prove a conspiracy, and instead only proved a regular pattern of purchase and sale. *Id.* at 567. However, this case is distinguishable from *Colon* due to the number of transactions involved and the additional facts present. In *Colon*, the court found no evidence that there were any more than seven total transactions. Here, Paul Surine testified that O'Neal and Williams would routinely travel to the Surine trailer two or more times per week for a period of up to eighteen months, and that Dozier would accompany the pair on more than fifty percent of those trips – resulting in evidence of a total number of visits far greater than in *Colon*. Further, testimony was presented indicating that Dozier was present for and may have been a participant in a conversation with Williams and Surine about distribution operations.

A rational jury could conclude that Dozier participated in a drug conspiracy after considering evidence of Dozier's repeated trips to the Surine residence, his continued trips to the residence even after being banned from entering the trailer, his presence for

6

conversations regarding Surine's distribution network, and his presence with Williams and O'Neal for every one of his transactions with the Surines. As such, Dozier has not overcome the significant hurdle for a successful sufficiency-of-the-evidence challenge.

Dozier also contends that the evidence was insufficient because it indicated that he, O'Neal, and Williams were in competition with one another. In support of this contention, Dozier leans heavily on a portion of the testimony of Lisa Lehman, Surine's live-in girlfriend, stating that O'Neal, Williams, and Dozier were in competition with each other rather than in collaboration. However, Lehman also testified that Dozier never came to the Surine residence without O'Neal and Williams, she "assumed they knew what they were doing," "they had to know each other and had to know what was going on," and stated that only one of the three would undergo a transaction with the Surines on a particular visit. App. at 186-87. Lehman's testimony that only one of the three would actually come with drugs and leave with the Surines' money indicates that the three were not in competition with one another. There is no evidence that one of the three ever tried to offer a more competitive price than the others or otherwise engaged in any other pattern of behavior one would expect from business competitors. In fact, Lehman testified that O'Neal and Williams did, for a period of time, pool their resources to purchase drugs. *Id.* We conclude that a rational jury could reasonably view Lehman's testimony as supporting a conspiracy, particularly in light of the lack of any other

evidence suggesting that the three were in competition with one another. As such, Dozier's sufficiency claim fails on this theory as well.

## B.

Dozier's second contention is ohhhthat the District Court's jury instructions were flawed because they failed to include the necessary elements of co-conspirator liability. *Pinkerton v. United States*, 328 U.S. 640 (1946), sets forth the elements required for a defendant's conviction of a substantive offense where a co-conspirator personally committed the offense. *Pinkerton* requires: (1) the existence of a criminal conspiracy of which the defendant is a part; (2) that one or more members of the conspiracy committed the substantive offense; and (3) the substantive offense was committed in furtherance of the criminal conspiracy. *United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001). "[A] jury must find that a party to the conspiracy committed a crime both 'in furtherance of' and 'as a foreseeable consequence of' the conspiracy to find a co-conspirator guilty of a substantive offense committed by a co-conspirator." *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994) (emphasis omitted) (quoting *Pinkerton*, 328 U.S. at 646).

Because Dozier did not first raise objections to the jury instructions before the District Court, we review for plain error. *Dobson*, 419 F.3d at 236. We struggle to conclude, as Dozier urges, that the District Court's issuance of jury instructions that differ somewhat from this Circuit's model instructions is a plain error. Although the District Court did not state each element in the fashion set forth in the model instructions,

8

its instructions did specify the necessary elements. We offer trial courts the flexibility to set forth jury instructions as they see fit, provided that they do not misstate the law and adequately submit the issues to the jury. *United States v. Maury*, 695 F.3d 227, 261 (3d Cir. 2012). Because we conclude that the District Court's jury instructions did not misstate the law and adequately submitted the elements of the offense to the jury, we do not find plain error. While the District Court's instructions could have been clearer (as they are in the model instructions), potential errors of clarity are, by their nature, not "plain."

Additionally, Dozier raises a second challenge to the jury instructions, arguing that the District Court should have specifically instructed the jury that they must find Dozier guilty beyond a reasonable doubt for the conspiracy charge. We review the adequacy of the trial court's jury instructions as a whole. *Dobson*, 419 F.3d at 239. The record reflects that the standard of reasonable doubt to render a guilty verdict was stated elsewhere in the jury instructions. In addition, the instructions stated that the jury was to consider the instructions as a whole. The failure to reiterate the reasonable-doubt requirement for each individual count does not constitute plain error. *See, e.g., United States v. De Lazo*, 497 F.2d 1168, 1171 n.6 (3d Cir. 1974) (holding that no plain error existed when the entirety of the trial court's jury instructions properly instructed the jury as to each individual charge). We therefore conclude that the District Court did not plainly err in failing to provide a reasonable doubt instruction specifically for the conspiracy charge.

9

C.

Dozier argues finally that the District Court procedurally erred in its sentencing decision and that his sentence was substantively unreasonable. We review these contentions for plain error, because Dozier failed to object to the alleged errors at the sentencing hearing. *Berger*, 689 F.3d at 299. Dozier's procedural error contention rests solely on the District Court's comments regarding Dozier's criminal record that "Dozier was not affected by his prior contacts with law enforcement." App. at 418. Dozier contends that this statement constitutes a factual error, alleging that his other criminal convictions occurred after the timeframe covered in this offense. Dozier's contention that his sentence was substantively unreasonable stems from the same alleged mistake.

Our appellate review of a sentence consists of "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (alteration in original) (internal quotation marks omitted) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Here, Dozier argues that the District Court selected a sentence based upon clearly erroneous facts. But even if the court was mistaken – and the government provides evidence that the District Court was correct in stating that Dozier's extensive history of criminal activity overlaps with or

10

predates his drug trafficking activities with the Surine family – the statements are not factual findings that contributed to the sentence. Rather, they were mere remarks as a part of a lengthier statement.

The second prong of our test under *Tomko* and *Gall* is a determination of substantive reasonableness, in which we consider the totality of the circumstances and the sentence. *Id.* We will affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* Here again, not only did the sentence fall within the Guidelines range – which Dozier does not contend was improperly calculated – but it was the lowest recommended sentence. Given the two crimes for which Dozier was convicted and the amount of crack cocaine involved, we cannot say that no reasonable sentencing court would impose a 168-month sentence upon Dozier. We therefore do not conclude that the sentence is substantively unreasonable.

IV.

For the reasons set forth above, we affirm Dozier's conviction and sentence.

11